**In the Matter of CINTRA REALTY COR-PORATION, Alleged Bankrupt.**

**No. 310, Docket 30969.**

United States Court of Appeals
Second Circuit.

Argued Jan. 18, 1967.

Decided Feb. 21, 1967.

James O. Porter, Buffalo, N. Y., for appellant Cintra Realty Corp.

Alexander C. Cordes, Buffalo, N. Y. (John R. Lytle and Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N. Y., on the brief), for appellee Fleet-Wing Corp.

Before MEDINA, ANDERSON and FEINBERG, Circuit Judges.

MEDINA, Circuit Judge:

On July 14, 1966, a petition in bankruptcy was filed against the Cintra Realty Corporation by Fleet-Wing Corporation, an unsatisfied judgment creditor. When the initial attempt to serve an actual agent of Cintra failed, Fleet-Wing obtained an order extending the time for service and for service on the

Secretary of State of the State of New York. Service pursuant to this order was not timely and on August 24th, a second extension was obtained. This second order set the return date as September 13th and service was completed on August 29th. The mode of service was specified as follows:

> ORDERED, that said Phillips, Lytle, Yorkey, Letchworth, Hitchcock & Blaine, as attorneys for said Fleet-Wing Corporation, give notice to said Cintra Realty Corporation by directing the U. S. Marshal to serve said Petition and subpoena upon Cintra Realty Corporation by delivering a copy of said subpoena and Petition to the Secretary of State of the State of New York, who is duly authorized by the Laws of the State of New York to accept service on behalf of said Cintra Realty Corporation, and by mailing a copy of said subpoena and Petition to the corporation at its last known address.

The Secretary of State mailed a copy of the petition to Cintra but it was returned marked "address unknown." Cintra had moved its office but had failed to notify the Secretary of State. The attorneys for Fleet-Wing did nothing further to give Cintra notice of the proceeding.

The principal point made by Cintra as appellant here is that the District Court had no jurisdiction to make the adjudication of bankruptcy because service of process, while it would have been sufficient under the New York State and federal rules, N.Y.C.P.L.R., Section 311 (1), N.Y. Business Corporation Law, McKinney's Consol.Laws, c. 4, Section 306, Fed.Rules of Civ.Proc. 4(d) (3) and (7), was not in strict compliance with the order made by Judge Henderson. The claim is that the order requires two mailings, one by the Secretary of State and another by the attorneys for Fleet-Wing. Even if the order be deemed ambiguous, we are satisfied with Judge Henderson's interpretation of his own order, to the effect that a single mailing was sufficient.

Various other contentions require no discussion. The notice was timely, despite appellant's claim to the contrary. In view of the concession that Cintra was "defunct" and "insolvent," and that "no hardship would result to Cintra from a continuance of the bankruptcy proceedings," it was not an abuse of discretion to deny the motion to open the default.

Affirmed.