**Samuel H. SLOAN, Petitioner,**

v.

**SECURITIES & EXCHANGE COMMISSION, Respondent.**

**No. 98, Docket 74–2457.**

United States Court of Appeals, Second Circuit.

Argued Sept. 26, 1975.

Decided Oct. 15, 1975.

Samuel H. Sloan, pro se.

Michael J. Stewart, Asst. Gen. Counsel, Securities & Exchange Commission, Washington, D.C. (Lawrence E. Nerheim, Gen. Counsel, David Ferber, Sol., Thomas L. Taylor, III, Atty., Securities and Exchange Commission, Washington, D.C.), for respondent.

Before MOORE, MULLIGAN and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Samuel H. Sloan, plaintiff-appellant pro se, no stranger to this court, instituted this action essentially to protest a series of SEC suspension-of-trading orders imposed on the stock of Canadian Javelin, Ltd. ("CJL"), a Canadian corporation, in which Sloan dealt extensively.

The SEC has the statutory authority summarily to suspend trading in a stock on national exchanges or in the over-the-counter markets; at the time the events in question transpired, such suspensions could run up to ten days. Formerly Securities Exchange Act of 1934 §§ 15(c)(5) and 19(a)(4), 15 U.S.C. §§ 78o (c)(5) and 78s(a)(4).[1] On November 29, 1973, the

---

1. The relevant sections are now §§ 12(j) and (k) of the 1934 Act, 15 U.S.C. §§ 78*l* (j) and (k); these sections were added by amendment in 1975, Pub.L. No. 94–29 § 9, 89 Stat. 118

(June 4, 1975). The latter of these two sections substantially repeats the earlier ten-day suspension provisions; the former gives the SEC the new power to suspend trading in a

SEC issued its first ten-day suspension in CJL stock because of its finding that CJL had issued false and misleading press releases. These suspensions were issued anew every ten days, so that trading in CJL stock was suspended in an unbroken period through January 26, 1975; the following day trading was permitted to resume.

But not for long. On April 30 of the same year, the SEC again initiated a series of ten-day suspensions that has continued until the present day; this second series of suspensions allegedly was instituted to allow dissemination of information about regulatory action against CJL by Canadian authorities, although the record is unclear on this point.

■ Sloan engaged in extensive transactions with CJL stock, including short selling, which were frustrated by the suspension orders.[2] Sloan, in addition to other actions, has initiated the instant proceeding in this court to obtain review of the suspension orders, pursuant to the 1934 Act § 25(a), 15 U.S.C. § 78y(a), as amended, 15 U.S.C. § 78y(a)(1) (Pub.L. No. 94–29, § 20, 89 Stat. 158 (June 4, 1975)).

■ We consider his blunderbuss attack frivolous except for his allegation that the "tacking" of ten-day summary suspension orders by the SEC for an indefinite period constitutes an abuse of that agency's authority and a deprivation of due process. Apparently this question has never been judicially considered and would seem not to be frivolous; see 2 L. Loss, Securities Regulation 854–55 (2d ed. 1961). We cannot decide it on the record before us. The record is entirely silent as to the reasons for the

second series of suspensions, commencing in April of this year; we cannot tell whether they are based on substantial evidence, and hence cannot decide if they amount to an abuse of discretion by the SEC. Sloan's pleadings also cover only the *first* series of suspensions, which now have terminated. It may be that Sloan intends to challenge the series of suspensions currently in effect as well. Moreover there was no hearing (or any other proceeding) below before the SEC itself; in fact, there was at the time no formal statutory provision for any such proceeding involving suspension orders.[3] Nonetheless, the SEC on this appeal has indicated that it is willing in fact to grant Sloan some sort of administrative hearing, thus satisfying any possible exhaustion requirement[4] while also contributing to the record we now find insurmountably sparse.

We therefore dismiss Sloan's appeal but without prejudice to his repleading after an administrative hearing before the SEC, from which judicial review may be sought.

---

stock for up to one year, *after* notice and a hearing.

2. We think therefore that Sloan satisfies the standing requirement of the 1934 Act § 25(a), 15 U.S.C. § 78y(a) (as amended in 1975, Pub.L. No. 94–29, § 20, 89 Stat. 158 (June 4, 1975)) to seek court review of these SEC orders, since he was "aggrieved" thereby.

3. We note that some sort of hearing is now required for the up-to-one-year suspensions

authorized by the 1975 amendments to the 1934 Act, see note 1 *supra.* However, this requirement postdated Sloan's action here, and in any event is not applicable to ten-day suspensions.

4. We do not suggest, nor need we decide, that such a requirement necessarily exists. But see the 1934 Act's new section 25(c)(1) (formerly § 25(a)), 15 U.S.C. § 78y(c)(1) (as amended in 1975).