**Samuel H. SLOAN and Samuel H. Sloan & Co., Plaintiffs-Appellants,**

v.

**SECURITIES AND EXCHANGE COMMISSION et al., Defendants-Appellees.**

No. 569, Docket 75–7283.

United States Court of Appeals, Second Circuit.

Argued Feb. 19, 1976.

Decided March 4, 1976.

---

Samuel H. Sloan, pro se.

Michael J. Stewart, Asst. Gen. Counsel, Securities and Exchange Commission, Washington, D. C. (David Ferber, Sol., Thomas L. Taylor, III, Atty., on the brief), for Securities and Exchange Commission.

Naomi Reice Buchwald, Asst. U. S. Atty., New York City (Thomas J. Cahill, U. S. Atty. for the Southern District of New York, Steven J. Glassman, Asst. U. S. Atty., New York City, on the brief), for United States of America.

Rex W. Mixon, Jr., New York City (Rogers & Wells, New York City, William F. Koegel, Scarsdale, N. Y., on the brief), for National Quotation Bureau, Inc.

Robert J. Woldow, Washington, D. C. (Jeffrey M. Silow, National Clearing Corp.,

Lloyd J. Derrickson, National Ass'n of Securities Dealers, Inc., Washington, D. C., Breed, Abbott & Morgan, C. MacNeil Mitchell, New York City, on the brief), for National Association of Securities Dealers, Inc., Bunker Ramo Corp. and National Clearing Corp.

Patricia Anne Williams, New York City (Willkie Farr & Gallagher, Michael B. Targoff, New York City, on the brief), for Disclosure Inc.

Before FEINBERG, OAKES and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Samuel H. Sloan appeals from a decision of the United States District Court for the Southern District of New York, Thomas P. Griesa, *J.,* dismissing his pro se complaint, which charged appellees with various violations of the Constitution and the antitrust and securities laws, as well as with several common law torts.[1]

Sloan, a securities broker-dealer, has had more than his share of litigation in this court. In January 1974, he was found to have violated rules of the Securities and Exchange Commission (SEC) relating to record-keeping and net capital, and was enjoined from further violations. *SEC v. Sloan,* 369 F.Supp. 996 (S.D.N.Y.1974). His appeal from this order was dismissed by this court, *SEC v. Sloan,* Dkt. No. 74–1436 (2d Cir. Jan. 7, 1976), because Sloan was a fugitive from justice when the case came on to be heard,[2] having apparently fled the jurisdiction to escape sentencing for contempt of a preliminary injunction restraining still further violations of SEC rules and requiring Sloan to permit SEC examination of his books and records. An appeal from this injunction was dismissed on the same day and on the same ground. *SEC v. Sloan,*

---

1. For simplicity, we have treated Samuel H. Sloan and Samuel H. Sloan & Co. as one plaintiff and one appellant. Appellees, in addition to the Securities and Exchange Commission, are the United States of America, National Quotation Bureau, Inc., Bunker Ramo Corporation, National Association of Securities Deal-

ers, Inc., Disclosure Inc., and National Clearing Corporation.

2. In dismissing the appeal, the court cited *United States v. Sperling,* 506 F.2d 1323, 1345 n.33 (2d Cir. 1974), cert. denied, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975).

Dkt. No. 75–7056 (2d Cir. Jan. 7, 1976).[3] Sloan's registration as a broker-dealer has been revoked by the SEC and he has been barred from association with any broker or dealer, Samuel H. Sloan, Securities Exchange Act Release No. 11376 (April 28, 1975), appeal docketed, *Sloan v. SEC,* Dkt. No. 75–4087, 2d Cir., May 7, 1975.[4]

In this action, Sloan mounts a massive though diffuse attack on the SEC and various private agencies in the securities industry. In effect, he challenges the legality of the entire structure of securities regulation in the United States. We agree with Judge Griesa that the attack is frivolous.

Count I of Sloan's lengthy complaint challenges the constitutionality of the Securities Exchange Act of 1934 and the rules and regulations promulgated under it. Sloan argues that the Act and rules constitute an unconstitutional delegation of legislative power; are overly vague; deprive him of liberty and property without due process of law; violate his right to contract; and exceed congressional power under the commerce clause. Some of these constitutional attacks on the authority of the SEC were raised by Sloan in this court on a previous occasion, and we then characterized his "blunderbuss attack" as "frivolous." *Sloan v. SEC,* 527 F.2d 11, 12 (2d Cir., 1975). We adhere to that view.

Count I also attacks a number of specific provisions of the regulatory scheme. For example, it charges that section 27 of the Act, 15 U.S.C. § 78aa, which vests in the federal courts exclusive jurisdiction of actions brought under the Act, is an unconstitutional interference with the jurisdiction of the state courts. But it has been established at least since *The Moses Taylor,* 71 U.S. (4 Wall.) 411, 428–30, 18 L.Ed. 397, 401–402 (1867), that Congress has the power to make federal jurisdiction exclusive. The other provisions of the Act and rules challenged by Sloan[5] are valid and reasonable exercises of congressional power under the commerce clause and the SEC's delegated regulatory power, which infringe no constitutional rights of plaintiff.

The other main branch of Sloan's complaint is Count III, which charges the various non-governmental defendants with violations of the Sherman and Clayton Acts. But none of the actions charged constitute antitrust violations, essentially because they were taken pursuant to the scheme of securities regulation established by the Securities Exchange Act of 1934. See generally *United States v. National Association of Securities Dealers, Inc.,* 422 U.S. 694, 95 S.Ct. 2427, 45 L.Ed.2d 486 (1975); *Gordon v. New York Stock Exchange,* 422 U.S. 659, 95 S.Ct. 2598, 45 L.Ed.2d 463 (1975).

We have also considered the other charges contained in the complaint and the various assignments of error made by Sloan on appeal,[6] and find no error in the dismissal of the complaint.

---

**3.** A third Sloan appeal was also dismissed on that day, *SEC v. Canadian Javelin, Ltd.,* Dkt. No. 75–7046 (2d Cir. Jan. 7, 1976).

**4.** For other decisions arising out of Sloan's operations as a broker-dealer and the SEC's efforts to prevent his violations of its rules, see *Sloan v. Canadian Javelin, Ltd.,* Dkt. No. 75–7096 (2d Cir. Feb. 6, 1976); *Sloan v. SEC,* 527 F.2d 11 (2d Cir., 1975); *Sloan v. SEC,* Dkt. No. 75–4087 (2d Cir. June 12, 1975); *Sloan v. Ward,* Dkt. No. 75–3001 (2d Cir. Jan. 16, 1975).

**5.** At the time the complaint was filed, before the Securities Acts Amendments of 1975, these were sections 12(g), 15(c)(5), 19(a)(4) of the Act, 15 U.S.C. §§ 78*l*(g), 78*o*(c)(5), 78s(a)(4), and Rules 15c2–11, 15c3–1, 17a–5, 17 C.F.R. §§ 240.15c2–11, 240.15c3–1, 240.17a–5. Former section 15(c)(5) is now section 12(k), 15 U.S.C. § 78*l*(k), and former section 19(a)(4) has been repealed.

**6.** Many of the points made in Sloan's brief bear little relation to the decision appealed from. For example, Sloan argues that the SEC "is a suable entity" and that the district court had jurisdiction, while the district court did not mention either problem. Sloan also argues, among other things, that a default judgment should have been entered against the United States, that certain attorneys should have been disqualified because they were not members of the bar of the Southern District, that the Securities Acts Amendments of 1975 require vacation of the judgment below, and that the district court erred in not entering a preliminary injunction. None of these arguments has merit.

While we do not in this case invoke the provisions of Fed.R.App.P. 38 to assess penalties against appellant, we note that these are available, and may be appropriate if the same arguments which we have dismissed as frivolous are put before us again in the future.

The judgment of the district court is affirmed.