**SECURITIES AND EXCHANGE COM-MISSION, Plaintiff-Appellee,**

v.

**Samuel H. SLOAN, individually and d/b/a Samuel H. Sloan & Co., Defendants-Appellants.**

No. 776, Docket 75–6106.

United States Court of Appeals, Second Circuit.

Argued April 27, 1976.

Decided May 10, 1976.

Samuel H. Sloan, pro se.

Michael J. Stewart, Asst. Gen. Counsel, S. E. C., Washington, D. C. (Thomas L. Taylor, III, Atty., Washington, D. C., on the brief), for plaintiff-appellee.

Before LUMBARD, WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

Samuel Sloan, a securities broker-dealer who is a frequent litigant in this court, see *Sloan v. SEC*, 535 F.2d 676, (2d Cir. March 4, 1976), and cases there cited, appeals from a number of orders of the United States District Court for the Southern District of New York, Robert J. Ward, J., entered in the course of a continuing lawsuit in which the Securities and Exchange Commission (SEC) seeks to enjoin him from violation of various SEC rules requiring maintenance of proper books and records and making them accessible for inspection by SEC officials.[1] We affirm in part and dismiss in part.

The most significant order challenged by Sloan on this appeal, to which he devotes most of his lengthy brief, is an order dated September 3, 1975 holding him in civil contempt for failing to comply with a preliminary injunction granted by Judge Ward on January 17, 1975.[2] The injunction required Sloan, among other things, "to permit immediate examination in an easily accessible place by examiners and other representatives of the Commission of [his] books and records." An appeal from this injunction was dismissed by this court on January 7, 1976. *SEC v. Sloan*, Dkt. No. 75–7056.[3]

 The order from which Sloan now seeks to appeal is both in form and in substance an order of civil contempt. An order of civil contempt against a party to litigation is not an appealable final order. 9 Moore, Federal Practice ¶ 110.13[4]. Moreover, after filing and briefing this appeal, Sloan purged himself of contempt, and on February 4, 1976, Judge Ward entered an order to this effect. Thus, no live controversy remains as to any of the alleged errors in the contempt adjudication, and the appeal from the order of contempt is moot.

---

1. This is not the first such action taken by the SEC against Sloan. See *SEC v. Sloan*, 369 F.Supp. 996 (S.D.N.Y.1974), appeal dismissed, Dkt. No. 74–1436 (2d Cir. Jan. 7, 1976.)

2. The September 3 order adjudged Sloan in civil contempt and gave him 20 days to purge himself. When he did not, a further order of civil contempt was entered on September 26, 1975 ordering Sloan's arrest.

3. We cited *United States v. Sperling*, 506 F.2d 1323, 1345 n. 33 (2d Cir. 1974), cert. denied, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975).

Sloan also argues that the district court's refusal to dismiss the SEC's complaint on various grounds, and the grant to the SEC of a protective order as to certain interrogatories, were erroneous. Neither is an appealable final order. 9 Moore, Federal Practice ¶ 110.08[1] at n. 33 and cases there cited; *UAW v. National Caucus of Labor Committees*, 525 F.2d 323, 324 (2d Cir. 1975), and cases there cited. Moreover, Sloan's notice of appeal does not refer to the protective order, dated August 4, 1975. These aspects of the appeal are therefore dismissed for lack of jurisdiction.

Another ruling appealed from is Judge Ward's refusal to hold the SEC in contempt for allegedly violating an oral order restricting the parties' press releases. Assuming that such an order is appealable at all, we note that the district judge found that the particular press release that was the subject of Sloan's motion did not violate his order. We see no basis for substituting our judgment for that of the district judge in interpreting his own order.

We also affirm Judge Ward's refusal to disqualify and disbar counsel for the SEC. While such an order is appealable, *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 496 F.2d 800 (2d Cir. 1974) (en banc), we have held that the supervision of attorneys is a matter primarily for the district court, whose findings will be upset only on a showing of abuse of discretion. *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975). We see no abuse of discretion here. Sloan also argues that the SEC attorneys should be disqualified because the SEC lacks authority to prosecute actions on its own behalf, and that *SEC v. Robert Collier & Co.*, 76 F.2d 939 (2d Cir. 1935), which holds that it has such authority, should be overruled. We see no sufficient reason to overturn a persuasive decision by a distinguished bench.

Finally, Sloan appeals from the denial of his motion to enjoin the SEC from "harrassment and annoyance of the defendant herein." Sloan apparently would have us treat this motion as in effect a complaint or counterclaim charging violations of his constitutional rights, and seeking a preliminary injunction. On that theory, the order denying the injunction would be appealable. 28 U.S.C. § 1292(a)(1). Moreover, such a denial would have required findings of fact and conclusions of law under F.R.Civ.P. 52(a), which were not made by the district court. On the other hand, the papers do not purport to be pleadings, and in the circumstances of this litigation, the district judge apparently considered the motion as one addressed to "the district court's power to control the proceedings before it," 9 Moore, Federal Practice ¶ 110.19[1] at 207–08, and thus not a request for an injunction governed by the Rule and statute cited above. We agree that the motion here was more in the nature of a request for a protective order. The order denying it is therefore interlocutory and non-appealable.

Accordingly, as indicated above, the appeal is dismissed as to certain of the rulings appealed from; in all other respects, the rulings of the district court are affirmed.