**Elaine TRUSKOSKI, Plaintiff–Appellant,**

v.

**ESPN, INC., Defendant–Appellee.**

**No. 1829, Docket 95–7042.**

United States Court of Appeals, Second Circuit.

Argued June 20, 1995.

Decided July 10, 1995.

Joseph D. Garrison, New Haven, CT (Garrison & Arterton, New Haven, CT, on the brief), for plaintiff-appellant.

William J. Doyle, New Haven, CT (Wiggin & Dana, New Haven, CT, on the brief), for defendant-appellee.

Before: KEARSE, ALTIMARI, and PARKER, Circuit Judges.

PER CURIAM:

Plaintiff Elaine Truskoski, who in 1993 won a judgment from defendant ESPN, Inc. ("ESPN"), for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), appeals from an order of the United States District Court for the District of Connecticut, Peter C. Dorsey, *Chief Judge,* denying her motion to compel ESPN to grant her pension-benefit credit for the years of her employment with ESPN prior to its unlawful termination of her employment. The district judge denied Truskoski's motion on the ground that it sought relief that was not granted in the judgment and that, as a request for other relief, the motion was untimely. On appeal, Truskoski contends principally that the pension relief was included in the judgment, that her motion could be made at any time pursuant to Fed.R.Civ.P. 60(a), and that in any event the motion was timely

under Fed.R.Civ.P. 60(b)(6). We disagree and affirm the order substantially for the reasons stated by the district court.

## I. BACKGROUND

In 1993, Truskoski prevailed on the merits of her suit against ESPN for its 1987 termination of her employment in retaliation for her filing a claim that ESPN had engaged in gender-based employment practices in violation of Title VII. As relief, Judge Dorsey ordered that she be reemployed by ESPN within two months of the judgment, at a grade and salary that would reflect the salary she previously earned plus raises she would have received had her employment not been wrongfully terminated. The court denied backpay on the ground that Truskoski had not been diligent in pursuing other employment in mitigation of her damages. The court's opinion, which appears to bear the date April 26, 1993, but is referred to by the court and the parties as an April 21, 1993 decision, stated, "Reinstatement is a complete remedy as it vitiates the wrongful act. It stops any further negative impact on the employee's status." Memorandum of Decision ("1993 Merits Decision"). Judgment was entered on April 29, 1993. Neither the 1993 Merits Decision nor the judgment made any mention of pension rights.

Under the relevant terms of the ESPN pension plan, a participant's rights vest after five years of participation only if there has been no break in service of more than five years. Prior to ESPN's unlawful termination of her employment in 1987, Truskoski had been a participant in the pension plan for less than five years. She was reinstated in late May 1993, some six years after termination. In November 1993, ESPN informed her that that six-year period would be regarded as a break in service and that she would receive no credit for the years she was employed by ESPN prior to the termination.

On October 26, 1994, Truskoski filed a motion entitled "Plaintiff's Motion To Compel Compliance with the Court's Order, Dated April 21, 1993," asking the district court to order ESPN to grant her pension credit for her pretermination years of employment (the "Motion To Compel"). She argued that since the court had ordered retroactive salary adjustments and had stated that reinstatement was "'a complete remedy as it vitiates the wrongful act,'" pension-credit recognition was required to make her whole.

In a Ruling on Motion To Compel Compliance with Court Order, dated December 14, 1994 ("1994 Ruling"), Judge Dorsey denied the motion, finding that the judgment had not granted pension benefits because in fact he had made no decision with respect to such benefits:

The issue of pension benefits was not raised or addressed in this case. The ruling only ordered reinstatement on the basis that her termination had been unlawful. Plaintiff's request for an order that defendant credit plaintiff's past years of service under ESPN's pension policy seeks enforcement as to an issue that was not subject of the ruling. What plaintiff seeks is an adjudication that the reinstatement entitles her to continued service under the pension plan. That issue was not presented to the court in all of its ramifications and thus an order cannot now issue on the assumption it was adjudicated. While it might be argued that the reinstatement should be effective for pension purposes when the dismissal occurred, on the theory that the defendant should not be able to exclude plaintiff for a break in her service that defendant unlawfully created, that matter was not decided.

1994 Ruling at 1–2. The court concluded that the Motion To Compel should therefore be construed as one to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b), and that under either provision, the motion was untimely. For the reasons that follow, we agree.

## II. DISCUSSION

To be timely, a motion to alter or amend a judgment must be brought no later than 10 days after entry of the judgment. Fed.R.Civ.P. 59(e). Any motion for relief from a judgment on the ground of "mistake, inadvertence, surprise, or excusable neglect" must be made not more than one year after entry of the judgment. Fed.R.Civ.P. 60(b)(1). Since Truskoski's motion was made some 18 months after the judgment was entered, the district court lacked jurisdiction to entertain it under either of the above Rules. Recognizing that her motion was untimely if

either of these provisions controls, Truskoski argues principally (1) that her motion did not seek an alteration or amendment of the judgment because the pension relief was already included in the judgment, (2) that her motion could properly be made at any time pursuant to Fed.R.Civ.P. 60(a), and (3) that in any event the motion was timely under Fed. R.Civ.P. 60(b)(6). We disagree.

■ First, given the 1994 Ruling of the district judge and the silence of the judgment, we reject Truskoski's contention that the judgment ordered ESPN to give her pension credit for the pretermination years of her employment. It is "peculiarly within the province of the district court ... to determine the meaning of its own order," *Home Port Rentals, Inc. v. Ruben,* 957 F.2d 126, 131 (4th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 70, 121 L.Ed.2d 36 (1992), and the court's interpretation of its order will not be disturbed "absent a clear abuse of discretion," *Hastert v. Illinois State Board of Election Commissioners,* 28 F.3d 1430, 1438 (7th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 426, 130 L.Ed.2d 340 (1994); *see SEC v. Sloan,* 535 F.2d 679, 681 (2d Cir.1976) (finding "no basis for substituting our judgment for that of the district judge in interpreting his own order"), *cert. denied,* 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977); *In re Cintra Realty Corp.,* 373 F.2d 321, 322 (2d Cir.1967) (expressing "satisf[action] with [district judge's] interpretation of his own order" "[e]ven if the order be deemed ambiguous"); *United States v. Sepulveda,* 15 F.3d 1161, 1177 (1st Cir.1993) (district court's interpretation of its own order "is customarily accorded great weight"), *cert. denied,* — U.S. —, 114 S.Ct. 2714, 129 L.Ed.2d 840 (1994); *Home Port Rentals, Inc. v. Ruben,* 957 F.2d at 131 (affirming district court's interpretation even though order was "not clear").

The 1993 judgment entered in Truskoski's favor made no mention of pension rights, and the district court stated that provision for restoration of her years-of-service credits was not implicit in the court's language because the pension-benefits question had not been raised or argued, and the court did not mean to decide it. We see no basis for overturning the district court's ruling that Truskoski's right to pension benefits simply was not decided.

■ The fact that entitlement to pension-benefits relief was not decided also defeats Truskoski's contention that the court could have granted her Motion To Compel pursuant to Fed.R.Civ.P. 60(a), which imposes no time limitations. That provision, which states in pertinent part that "[c]lerical mistakes in judgments ... may be corrected by the court at any time," permits only a correction for the purpose of reflecting accurately a decision that the court actually made. *See, e.g., In re Frigitemp Corp.,* 781 F.2d 324, 327 (2d Cir.1986). Since the judgment was not intended to award pension benefits, the omission of any provision for the pension credit Truskoski now seeks was not a "clerical" error.

■ Finally, we reject Truskoski's contention that her motion was timely under Fed. R.Civ.P. 60(b)(6), which permits relief from a judgment for "any other reason justifying relief from the operation of the judgment." Though not subject to the additional one-year limitation imposed on motions pursuant to some parts of Rule 60(b), a motion under Rule 60(b)(6), like motions under all parts of the Rule, must be made "within a reasonable time." Fed.R.Civ.P. 60(b). Truskoski plainly did not seek relief from the judgment within a reasonable time. There is no dispute that Truskoski returned to work at ESPN at the end of May 1993, and that she was advised of ESPN's break-in-service view as early as November 1993. She made no motion to the court, however, until October 1994, and she never sought relief under Rule 60(b).

## CONCLUSION

It may well be, as Truskoski argues, that she should have been granted pension-benefits relief in the 1993 judgment. Seniority rights—both "competitive status" seniority and "benefit" seniority—are important components of "make whole" relief under Title VII. *See Franks v. Bowman Transportation Co.,* 424 U.S. 747, 766, 96 S.Ct. 1251, 1265, 47 L.Ed.2d 444 (1976). Although an award of seniority status is not required in all circumstances, this kind of relief can properly be denied " 'only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making

persons whole for injuries suffered through past discrimination,'" *id.* at 771, 96 S.Ct. at 1267 (quoting *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975)), and only if the district court "carefully articulate[s] its reasons" for doing so, *Albemarle,* 422 U.S. at 421 n. 14, 95 S.Ct. at 2373 n. 14. Thus, the 1993 judgment could well have ordered ESPN to reinstate Truskoski in the pension plan as if ESPN had never wrongfully terminated her employment, thereby eliminating any break in service. If it was error for the court to enter judgment as it did, without ordering the restoration of pension credit, the error was one of substance and should have been dealt with by a timely motion for alteration of or relief from the judgment, or by appeal. Absent such a timely application, the judgment must stand as entered.

We have considered all of Truskoski's arguments on this appeal and have found no error in the district court's determination that her motion was untimely. The order of the district court is affirmed.

No costs.