104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert G. GOUGH, Appellant,
v.
AGENT ORANGE SETTLEMENT FUND and Agent Orange
Administration, Amici Curiae.
 No. 96-6067.
 United States Court of Appeals, Second Circuit.
 Nov. 5, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York.
 Appearing for Appellant: Robert G. Gough pro se, Baton Rouge, La.
 Appearing for Amici Curiae: Deborah E. Greenspan, Kenneth R. Feinberg & Associates, Washington, D.C.
 E.D.N.Y.
 AFFIRMED.
 Before KEARSE, WALKER and JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was submitted by appellant pro se and by counsel for amici curiae.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed. Although the December 29, 1994 Order of the district court was ambiguous, we defer to the district court's interpretation. "It is peculiarly within the province of the district court ... to determine the meaning of its own order," Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir.1995) (per curiam) (internal quotation marks omitted), " '[e]ven if the order be deemed ambiguous,' " id. (quoting In re Cintra Realty Corp., 373 F.2d 321, 322 (2d Cir.1967)). A court's interpretation of its own order will not be disturbed absent a clear abuse of discretion. See, e.g., Truskoski v. ESPN, Inc., 60 F.3d at 77; SEC v. Sloan, 535 F.2d 679, 681 (2d Cir.1976) (finding "no basis for substituting our judgment for that of the district judge in interpreting his own order"), cert. denied, 430 U.S. 966 (1977). In the present case, given the court's "conclu[sion] that the deadline for submission of applications forms should be extended for a modest period of time to permit those who have only recently decided to apply to the Program to submit their application materials," December 29, 1994 Order, it was well within the court's discretion to interpret its order as not granting permission for an applicant such as appellant, whose original application had been rejected in 1989, to "resubmit the same information as his original application" (appellant's reply brief at 2).