**Juan NEVADO, Petitioner–Appellant,**

v.

**UNITED STATES, Respondent– Appellee.**

No. 06–1524–pr.

United States Court of Appeals, Second Circuit.

July 3, 2008.

---

Randolph Z. Volkell, Merrick, NY, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges, JANE A. RESTANI,[1] Judge.

## SUMMARY ORDER

On June 10, 2002, Nevado pleaded guilty to two counts set out in an indictment charging him with violating 21 U.S.C. § 846, conspiring to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base, and 18 U.S.C. § 924(c), possessing firearm in furtherance of a drug trafficking crime. Nevado pleaded guilty pursuant to a plea agreement, in which he waived his right to appeal or otherwise collaterally attack his sentence if the term of imprisonment imposed by the district court was not more than 181 months. On October 28, 2002, the district court imposed an imprisonment term of 180 months.

Nevado did not file a direct appeal. However, on April 3, 2003, Nevado filed a petition pursuant to 28 U.S.C. § 2255 seeking to set aside his conviction on three grounds. In dismissing Nevado's petition, the district court *sua sponte* stated that it would not issue a Certificate Of Appealability ("COA"), because Nevado had "failed to make as substantial showing of a denial of a constitutional right."

Nevado did not appeal this decision. Instead, twenty-eight months later, Nevado moved under Fed.R.Civ.P. Rule 60(b) to

---

1. The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

amend the order of the district court denying his § 2255 motion, on the grounds that the district court prematurely denied Nevado a COA before Nevado had applied for one. The district court denied this motion in a summary order. On April 27, 2007, we granted Nevado a COA and appointed him counsel from our Criminal Justice Act panel on the question of "whether the district court erred in *sua sponte* denying him a certificate of appealability when it denied his 28 U.S.C. § 2255 motion."

However, in addition to the issue of whether the district court erred in *sua sponte* denying the granting of a COA, there is also the question of whether the defendant's Rule 60(b) motion was timely filed. Rule 60(b) requires that such motions be brought within a "reasonable time." We have held that a 60(b) motion made twenty-six months after an entry of final judgment "constitutes a patently unreasonable delay absent mitigating circumstances," *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir.2001), and that a 60(b) motion made eighteen months after judgment was not a reasonable time, *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir.1995). Here, defendant's delay was even longer than twenty-six months, and furthermore, defendant makes no attempt to justify the delay by presenting evidence of mitigating circumstances. Thus, given the facts of this case, the twenty eight month delay that occurred between the district court's decision and defendant's Rule 60(b) motion is unreasonable. Thus, defendant's Rule 60(b) motion was untimely.

For the foregoing reasons, we DISMISS the appeal as untimely and AFFIRM the decision of the district court.