15-459-cv
Zulu v. Ruth

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:
> AMALYA L. KEARSE,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

CHAKA ZULU,
> *Plaintiff-Appellant*,

v.                                                                                          No. 15-459-cv

LINDSAY RUTH, ex-Director,
> *Defendant-Appellee*,

JEAN CLANCY BOTTA, Librarian for Library Services, DONALD SELSKY, Director, Special Housing, Inmate Disciplinary Program, TIMOTHY J. MURRAY, Superintendent, JAMES A. LINDSAY, Acting Deputy Superintendent for Program Services, KEITH R. PERKINS, Deputy Superintendent for Security Services, BILL J. ANDERSON, Disciplinary Lieutenant, DOUGLAS R. PETRIC, Senior Librarian,

1

K. BIVENS, Lieutenant, MICHAEL D. MURRAY, Correction Sergeant, PIONEER LIBRARY SYSTEM, JENNIFER MORRIS, Executive Director, PATRICIA STOCKER, Assistant Director and Records Manager, CINDY GARDNER, Financial Administrator, MARILYN LONGHOUSE, Community Outreach Coordinator, GENEVA FREE LIBRARY, KIM IRACI, Special Services Librarian, DEBBIE SCHEFFLER, Reference Librarian, JOHN AND JANE DOES 1–50,

                    *Defendants*.[1]

_____

FOR APPELLANT:                    Chaka Zulu, *pro se*, Rochester, New York.

FOR APPELLEE:                     No appearance.


Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 6, 2015, is AFFIRMED.

Plaintiff Chaka Zulu appeals pro se from the denial of his 2014 motion for relief from a 2009 award of summary judgment in favor of defendant Lindsay Ruth.   See Fed. R. Civ. P. 60(b)(6), (d); Fed. R. App. P. 4(a)(6).[2]   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

_____

[1] The Clerk of Court is directed to amend the official caption as shown above.

[2] In 2011, Zulu settled with the remaining defendants.

2

We review the denial of motions for relief from judgment for abuse of discretion. See In re WorldCom, Inc., 708 F.3d 327, 335–36 (2d Cir. 2013) (Rule 4(a)(6)); Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994) (Rule 60). A district court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 169 (2d Cir. 2001) (footnote omitted). We identify no such abuse here.

Zulu's Rule 60(b)(6) motion was properly denied as untimely because it was not filed until five years after the challenged award of summary judgment and more than three years after the 2011 settlement. Such a filing was not "within a reasonable time." Fed. R. Civ. P. 60(c)(1); see Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2000) (ruling motion made 26 months after judgment was unreasonable); Truskoski v. ESPN, Inc., 60 F.3d 74, 76–77 (2d Cir. 1995) (ruling 18-month delay unreasonable).

Zulu's motion for relief under Rule 60(d) was without merit. Under Rule 60(d)(1), a court may "entertain an independent action to relieve a party from a judgment." Such relief requires a claimant to show, inter alia, that his "own fault, neglect, or carelessness did not create the situation for which [he] seek[s] equitable relief." Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d Cir. 1997). Zulu cannot make that showing

3

in light of his inordinate delay in moving for relief from judgment.

In urging otherwise, Zulu contends that (1) he did not receive the 2009 summary judgment motion until 2014, and (2) the motion should have been denied because it was not signed by Ruth's counsel. These arguments fail because, if Zulu was ignorant of the motion and award in 2009, he was obliged to pursue diligently his claims against this defendant, which he did not do. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 71 (2d Cir. 1990) (reasoning that equitable relief of independent action is unavailable if movant did not act with "proper diligence" (internal quotation marks omitted)). The same holds for Ruth's counsel's failure to sign the motion; "[i]n this type of action, it is fundamental that equity will not grant relief if the complaining party has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action to open, vacate, modify, or otherwise obtain relief against, the judgment." Id. (internal quotation marks and ellipsis omitted). We identify no abuse of discretion in the denial of Zulu's motion for relief from a judgment entered five years earlier.

Under Rule 60(d)(3), a court may set aside a judgment for fraud on the court. Zulu's assertion that Ruth's counsel mailed the summary judgment motion to an incorrect address—even if it alleged conduct that was intentional rather than inadvertent—does not make this showing. See Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1988) (reasoning that fraud on court "as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication").

The court also properly denied reopening of the time to appeal because Zulu did not file the motion within 180 days of the entry of judgment.   <u>See</u> Fed. R. App. P. 4(a)(6).

Finally, Zulu points to no record support for his claim that the district court misconstrued the settlement to include Ruth.   The fact that the district court had already awarded summary judgment to Ruth some two years before the settlement was approved defeats Zulu's misconstruction argument.

We have considered all of Zulu's remaining arguments and find them to be without merit.   Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

5