20-2283-cv
*Daniel v. T&M Protection Res., LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-one.

PRESENT:
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges,*
> LEWIS J. LIMAN,
> *District Judge.\**

_____

Otis A. Daniel,

> *Plaintiff-Appellant*,

> v.                                                                    20-2283

T&M Protection Resources, LLC,

> *Defendant-Appellee*,

Edward J. Minkoff Equities, Inc., Universal Protection Services,

> *Defendants*.

_____

* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**                                   Otis A. Daniel, pro se, New York, NY.

**FOR DEFENDANT-APPELLEE:**                               Leonard Weintraub, Paduano & Weintraub LLP, New York, NY.

Appeal from two orders of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Appellant Otis Daniel, proceeding pro se, sued his former employer, T&M Protections Resources, LLC ("T&M") under Title VII for hostile work environment. After a bench trial, the district court found for T&M in July 2018 and entered judgment. We affirmed the judgment in June 2019. *Daniel v. T&M Protection Res. LLC*, 771 Fed. App'x 123 (2d Cir. 2019) (summary order). In June and July 2020, Daniel filed motions pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the July 2018 judgment.[1] The district court denied the Rule 60(b) motions as untimely and without merit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as needed to explain our decision to affirm.

We review a district court's decision granting or denying a Rule 60(b) motion for abuse of discretion. *Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003). "A district court abuses its discretion if it bases 'its ruling on an erroneous view of the law or on a clearly erroneous

---

[1] The district court construed Daniel's motion for an extension of time to file a notice of appeal as a timely notice of appeal of various motions dating back to 2018. So construed, Daniel's appeal is timely only as to the district court's June 22, 2020, and July 9, 2020 orders, however. Thus, we consider only those orders in this appeal.

assessment of the evidence.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 127 (2d Cir. 2010) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)).

The district court did not abuse its discretion by denying Daniel's motions. Rule 60(b) sets out six different grounds for relief, including "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (6). A litigant must file a Rule 60(b) motion premised on fraud or misconduct of the opposing party within a year of entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Neither of Daniel's 2020 motions was filed by the one-year deadline.

To the extent Daniel premised his motions on other grounds, the motions were also untimely. A Rule 60(b) motion premised on the catch-all provision of subsection (b)(6) must be filed within a "reasonable time" after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). "What qualifies as a reasonable time, however, will ordinarily depend largely on the facts of a given case, including the length and circumstances of the delay and the possibility of prejudice to the opposing party." *Montco, Inc. v. Barr* (*In re Emergency Beacon Corp.*), 666 F.2d 754, 760 (2d Cir. 1981) (citation omitted). We have concluded that delays of over a year are untimely absent "mitigating circumstances." *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam) (motion untimely when submitted 26 months after entry of final judgment); *see also Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (motion untimely when filed over one year after judgment entered); *cf. In re Emergency Beacon Corp.*, 666 F.2d at 760 (motion not untimely despite a 26-month period between order and motion in view of reasonable explanation for delay and lack of prejudice to opposing party).

3

Daniel's June and July 2020 motions were not filed within a reasonable time of the July 2018 entry of judgment. He filed them respectively 23 and 24 months after judgment was entered. Under our precedent, this delay is presumptively unreasonable, and there were no mitigating circumstances to justify Daniel's untimeliness. Daniel also could have moved for relief at an earlier time. For example, he cites his pro bono attorneys' misconduct as a reason for that the district court should have granted reconsideration, but he was aware of the alleged misconduct in 2018, when the related issues first occurred, and so it does not excuse Daniel's delay. Further, T&M would have been prejudiced by the district court's reconsideration at this late stage. When Daniel filed his motions in 2020, we had already affirmed the judgment and denied motions for reconsideration and to recall the mandate. The Supreme Court had also denied a writ of certiorari. If the district court granted reconsideration, it would have undermined those decisions.

Even if Daniel's delay could have been excused, his 2020 motions lacked merit. Daniel argued that T&M and its attorneys committed fraud and misconduct by offering perjured testimony, making false opening statements during trial, and by falsely portraying him as emotionally unstable. But in his district court submissions he did not offer any evidence that T&M's witnesses or attorneys perjured themselves. Daniel asserts that various T&M witnesses lied. But the fact that their testimony contradicted Daniel's personal account is not sufficient to show perjury. *See United States v. Sanchez*, 969 F.2d 1409, 1415 (2d Cir. 1992) ("Differences in recollection alone do not add up to perjury." (citation omitted)). Further, T&M's opening statements were based on testimony that was later offered at trial. Finally, Daniel cannot show any fraud or misconduct by T&M based on the fact it defended itself in the district court proceedings. T&M had the right to defend itself against Daniel's allegations.

4

Daniel argues that his pro bono attorneys ignored his evidence and failed to adequately represent him. But general dissatisfaction with one's counsel is not sufficient to warrant Rule 60(b) relief. In a civil proceeding, a litigant does not have a right to counsel. *See Turner v. Rogers*, 564 U.S. 431, 441–43 (2011) (holding that "the Sixth Amendment does not govern civil cases" and individuals will only have a right to counsel in civil cases when facing the possibility of incarceration). To show entitlement to Rule 60(b) relief based on the inadequate performance of a litigant's counsel, the litigant "must show that his lawyer abandoned the case and prevented [him] from being heard, either through counsel or *pro se*." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (discussing Rule 60(b)(6) relief being sought by habeas petitioner). Daniel did not show this level of abandonment. By Daniel's own admission, his attorneys worked diligently on the case and met with him regularly to prepare discovery and for trial. Although Daniel may be dissatisfied with how his case was handled and with the judgment that was obtained, he has not shown that his lawyers physically or constructively abandoned him. *Cf. id.* at 81.

Insofar as Daniel appears to be relitigating his earlier appeal of the judgment, we need not consider those arguments. Daniel has not presented any compelling reason to revisit our prior decision. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." (internal quotation marks and citation omitted)).

We have considered all of Daniel's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
