21-1264-cv
*Gabrieli v. Wal-Mart*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-two.

PRESENT:    JOSÉ A. CABRANES,
            MICHAEL H. PARK,
            MYRNA PÉREZ,
                        *Circuit Judges.*

---

LANA GABRIELI, as Guardian of Patrick DeLuca,

                *Plaintiff-Appellant*,                          21-1264-cv

PATRICK DELUCA, AKA Paata Tkhilava,

                *Plaintiff*,

                v.

WAL-MART STORES EAST, LP,

                *Defendant-Appellee.*[*]

---

**FOR PLAINTIFF-APPELLANT:**                    Michael Confusione, Hegge &
                                                Confusione, LLC, Mullica Hill, NJ.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

**FOR DEFENDANT-APPELLEE:**                    Patricia A. O'Connor, Brody, O'Connor
                                               & O'Connor, Northport, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Lana Gabrieli, in her capacity as Patrick DeLuca's guardian, appeals from the District Court's order denying her motion, brought pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure, to void a 2013 settlement and reopen DeLuca's slip-and-fall negligence case against Wal-Mart. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rule 60(b)(4) allows a district court to provide relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Rule 60(b)(6) is a catch-all provision, allowing relief from judgment for "any other reason that justifies relief." While "[g]enerally, we review a district court's ruling on a Rule 60(b) motion for abuse of discretion," we review *de novo* a motion brought pursuant to Rule 60(b)(4). *Irvin v. Harris*, 944 F.3d 63, 68 (2d Cir. 2019).

The District Court did not abuse its discretion in concluding that Gabrieli's Rule 60(b)(6) motion was not brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Gabrieli filed the state court motion that led to the instant motion on July 1, 2019, more than five years after DeLuca's case was settled, and more than two years after Gabrieli was appointed DeLuca's guardian. The District Court had ample basis to hold that this delay was too long. *See Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (rejecting a Rule 60(b)(6) motion filed eighteen months after the plaintiff secured a favorable judgment).

Gabrieli has forfeited her Rule 60(b)(4) argument. Gabrieli argued to the District Court that the settlement proceedings were "void" for purposes of Rule 60(b)(4) because the settlement agreement was voidable under New York law on account of DeLuca's mental incapacitation. *See* Memorandum of Law in Support of Rule 60(b) Motion at 8, *Gabrieli v. Wal-Mart*, 12-cv-1755 (E.D.N.Y. Mar. 11, 2020), ECF No. 18-2. But "[a] judgment is not void" for purposes of Rule 60(b)(4) "simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citation omitted). Instead, a judgment is void under Rule 60(b)(4) "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. On appeal, Gabrieli now argues that the settlement proceeding was "inconsistent with due process" under Rule 60(b)(4) because DeLuca was mentally incapacitated throughout the settlement

negotiations.  We generally decline to consider arguments or theories raised for the first time on appeal.  *See Spinelli v. NFL*, 903 F.3d 185, 198–99 (2d Cir. 2018).  Because Gabrieli offers no reason for her failure to raise due process with the District Court, we decline to exercise our discretion to consider the argument.  *See id.*

We have reviewed all of the arguments raised by Gabrieli on appeal and find in them no basis to vacate or reverse the District Court's order. For the foregoing reasons, we **AFFIRM** the April 13, 2021, order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court