Vincent CARCELLO,

v.

TJX COMPANIES, INC., et al.

No. 3:98CV94 (AHN).

United States District Court,
D. Connecticut.

Jan. 10, 2000.

Howard A. Lawerence, New Haven, CT, for Plaintiff.

A. Robert Fischer, Maureen Ann Bresnan, Steven Brancato, Christina L. Calise, Jackson Lewis, Schnitzler & Krupman Stamford CT, for Defendant.

### RULING ON MOTION TO VACATE DISMISSAL

NEVAS, Senior District Judge.

The plaintiff, Vincent Carcello ("Carcello"), brings this action for wrongful discharge against the defendant, TJX Companies, Inc., Hit or Miss ("TJX"), alleging violation of the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621–634 (West 1998) ("ADEA"), breach of implied contract of employment, breach of duty to act in good faith, and negligent misrepresentation. Carcello alleges that on August 15, 1995, after approximately four and one-half years of service as a regional manager for TJX, he was fired because of his age and replaced by a younger employee.

Pending before the Court is Carcello's Motion to Vacate Dismissal ("Motion to Vacate") [doc. # 28] pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure ("Rule 60(b)(1)").

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 28, 1998, TJX filed a motion seeking to compel Carcello "to provide answers to Interrogatories and Production Requests" and, in the alternative should Carcello fail to timely comply with TJX's discovery requests, to dismiss Carcello's complaint in its entirety.[1] (See Def.'s Mot. to Compel and Dismiss at 2 [hereinafter "Def.'s Mot."].) On January 29, 1999, the court held a pre-trial conference for which Carcello's counsel failed to appear. On February 1, 1999, the court construed TJX's motion as one for involuntary dismissal pursuant to Fed.R.Civ.P. 41(b) and granted the motion, noting the absence of any opposition to the motion from Carcello. (See Ruling on Mot. to Compel at 1 .)

On February 8, 1999, Carcello filed a Motion for Reconsideration of the court's ruling dismissing the case. (See Pl.'s Mot. to Recons. at 1.) TJX then filed an objection to Carcello's Motion for Reconsideration. On March 25, 1999, the court denied Carcello's Motion for Reconsideration stating:

> Carcello has not brought to the court's attention any matters or controlling decisions that warrant reversing the court's dismissal order. See D.Conn.L. C.V.R. 9(e)(1). Since the beginning of this case, Carcello has been dilatory in his prosecution. Carcello never moved for an extension of time for discovery after the November 1998 status conference and neither Carcello nor his counsel appeared for a scheduled status conference in January 1999. Moreover, according to defendant's counsel, Carcello had not as of February 1999 complied with defendant's outstanding discovery requests. Carcello's belated claim at this point that he intends to prosecute this case to the full extent of the law is insufficient to convince the court that he would do so if this case were allowed to continue.[2]

On July 30, 1999, Carcello filed the current Motion to Vacate pursuant to Rule 60(b)(1).

### Standard of Review

■ Rule 60(b)(1) states that "on motion and upon such terms as are just, the court may relieve a party ... from a final judgment [for] ... mistake, inadvertence, surprise, or excusable neglect ..." Fed.R.Civ.P. 60(b)(1). "Excusable neglect encompasses inadvertence, carelessness, and mistake, and may be found where a party's failure to comply with filing deadlines is attributable to

---

1. For purposes of clarity, the motion shall hereinafter be referred to as TJX's Motion to Dismiss.

2. TJX summarizes the history of Carcello's ongoing dilatory practices. (Def.'s Mem. in Resp. to Pl.'s Mot. to Vacate at 5–6.)

negligence." *Fetik v. New York Law School,* No.99cv7746, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999) (internal quotation marks omitted); *see also Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir.1997). However, courts are not likely to find excusable neglect where there has been abuse by a party. *Fetik,* 1999 WL 459805 at *4.

 In addition, "[t]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id. (quoting Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). "Those circumstances include prejudice to the adversary, the length of the delay, the reason for the error, the potential impact on the judicial proceedings, whether it was within the 'reasonable control of the movant,' and whether the movant acted in good faith." *Id. (citing Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489); *see also Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir.1994); *United States v. Hooper,* 43 F.3d 26, 28 (2d Cir.1994). Where the order from which relief is sought is the result of "[c]ounsel's failure to read and obey an unambiguous court rule," counsel's omission is not excusable neglect. *Canfield,* 127 F.3d at 251 *(citing Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489). Moreover, gross negligence on the part of counsel does not fall within the scope of excusable neglect as defined by Rule 60(b)(1). *See Cobos v. Adelphi Univ.,* 179 F.R.D. 381, 386 (E.D.N.Y.1998); *see also United States v. Cirami,* 563 F.2d 26, 30 (2d Cir.1977) (explaining gross negligence in the context of a Rule 60(b)(6) motion).

 Furthermore, a "client is not generally excused from the consequences of his attorney's negligence absent extraordinary circumstances." *Cobos,* 179 F.R.D. at 386. As

such, the Second Circuit has "consistently refused to relieve a client of ... a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload." *Id.* at 386–87.

### Discussion

Carcello argues that the court should vacate its order dismissing this case because excusable neglect caused his failure to oppose the Motion to Dismiss. (*See* Pl.'s Mem. in Supp. of Mot. to Vacate at 3 [hereinafter "Pl.'s Mem. Vacate."]) Specifically, Carcello contends that the medical problems of his counsel, Howard Lawrence, prevented him from filing an opposition to TJX's Motion to Dismiss.[3] (*See* Mot. to Vacate at 1.) Carcello has attached a "draft copy of a partial response to [TJX's] interrogatories" to his Motion to Vacate. TJX responds by arguing that Carcello untimely filed his motion. (Def.'s Mem. in Resp. to Pl.'s Mot. to Vacate at 2 [hereinafter "Def's Mem. Opp'n Vacate"].) In addition, TJX argues that the conduct of Carcello's counsel does not constitute excusable neglect. (Def.'s Mem. Opp'n Vacate at 3.)

### I. Timely Filed

 Pursuant to Rule 60(b)(1), a "motion for relief from a judgment on the ground of 'mistake, inadvertence, surprise, or excusable neglect' must be made not more than one year after entry of the judgment." *Truskoski v. ESPN, Inc.,* 60 F.3d 74, 76 (2d Cir.1995) (citing Fed.R.Civ.P. 60(b)(1)). Therefore, Carcello timely filed his motion.[4] *See id.* Nonetheless, the court may consider any delay in determining whether the motion should be granted. *See Fetik,* 1999 WL

---

3. In the motion, counsel explains that his medical problems culminated in one month of inpatient medical treatment from April 4 to May 1, 1999, and one subsequent month of outpatient treatment. (Mot. to Vacate at 1.) Previously in his Motion for Reconsideration, Carcello claimed that the failure to respond to TJX's motion to compel was caused by counsel's belief that the parties had agreed to a 90 day extension and Carcello's move to Texas. (Pl.'s Mot. for Recons. at 1–2.)

4. TJX cites cases from the Fourth and Fifth Circuits that may be construed to hold the contrary. However, the Second Circuit remains clear that a party has one year to file a Rule 60(b)(1) motion. See Fed.R.Civ.P. 60(b)(1); *Truskoski,* 60 F.3d at 76; *see also Anderson v. Meachum,* No. 93cv868 (AHN), 1997 WL 409521, *4 (D.Conn. June 10, 1997) (citing *Ackermann v. United States,* 340 U.S. 193, 197, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

459805 at \*4 (*citing Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489).

## II. Excusable Neglect

█ In order to grant Carcello's motion, the court must find that Carcello's failure to timely file a response to TJX's Motion to Dismiss constitutes excusable neglect. See Fed.R.Civ.P. 60(b)(1). The Second Circuit has held that:

> [i]n deciding a motion to vacate a default judgment, the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice. An absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief from the judgment. "[C]ourts have an interest in expediting litigation, [and] abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct," the district court thus has discretion to deny the motion to vacate if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense . . .

*Securities and Exchange Comm. v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998) (citations omitted) (*quoting American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 61 (2d Cir.1996)). Here, the principal issue focuses upon whether the default constitutes excusable neglect.[5]

█ Generally, excusable neglect encompasses "inadvertence, carelessness, and mistake," and may be found where a party's failure to comply with filing deadlines is attributable to negligence. *Fetik*, 1999 WL 459805 at \*4 (*citing Canfield* at 250); *see also Pioneer*, 507 U.S. at 388, 113 S.Ct. 1489. On the other hand, a default is willful "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *McNulty*, 137 F.3d at 738–39. In

determining whether the default is excusable neglect, the court may consider a movant's severe illness. *Fetik*, 1999 WL 459805 at \*4 (*citing Klapprott v. United States*, 335 U.S. 601, 614, 69 S.Ct. 384, 93 L.Ed. 1099 (1949); *United States v. Cirami*, 563 F.2d 26, 31 (2d Cir.1977)).

█ However, excusable neglect does not encompass abuse by a party. *Fetik*, 1999 WL 459805, at \*4. Here, although Carcello offers his counsel's illness as an explanation for his failure to file a response to TJX's Motion to Dismiss, he stated in his motion for reconsideration that his counsel's failure resulted from his move to Texas and his counsel's mistaken belief that an extension had been granted at a status conference.[6] These inconsistent explanations are troubling and cast doubt upon counsel's credibility.

█ Although the court may consider counsel's illness, regardless of its seriousness, illness alone is not a sufficient basis for setting aside a judgment under Rule 60(b)(1). *Andree v. Center for Alternative Sentencing and Employment Services, Inc., et al.*, No. 92cv616, 1993 WL 362394, at \*2–3 (S.D.N.Y. Sept.14, 1993). Here, counsel contends he suffered from "serious medical problems" at the time TJX filed its motion. (Pl.'s Mem. Vacate at 3.) However, he failed to communicate with either opposing counsel or the court to apprise them of the serious nature of his medical condition he now claims to be the reason for his misfeasance. *See Andree*, 1993 WL 362394 at \*2–3; *see also Long v. Carberry*, 151 F.R.D. 240, 243 (S.D.N.Y.1993) (holding that despite explanation of illness, default was attributable to counsel's tactical decisions or ignorance of procedural rules governing actions in federal courts and that counsel should have filed for an extension of time were more time needed). Counsel's failure to communicate is troublesome.

The Rules of Professional Conduct provide guidelines to attorneys on how to handle situations such as those involving "serious

---

5. The parties did not argue the issue of meritorious defense. Moreover, the primary focus is upon the plaintiff Carcello's neglect.

6. Because the court previously considered counsel's mistaken belief and Carcello's move to Tex-

as in the ruling on Carcello's Motion for Reconsideration, these explanations are not considered in connection with the Motion to Vacate. Rather, these reasons are only mentioned to illustrate the inconsistencies presented to the court.

medical problems." Specifically, Rule 1.1 provides that "[a] lawyer shall provide competent representation to a client ... [which] requires the legal knowledge, skill, *thoroughness and preparation reasonably necessary for the representation.*" (Emphasis added.) Rule 1.3 provides that "[a] lawyer shall act with reasonable *diligence and promptness* in representing a client." (Emphasis added.) The Commentary to Rule 1.3 further explains:

> Perhaps no professional shortcoming is more widely resented than procrastination. A client's interests often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed. Even when the client's interests are not affected in substance, however, unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness.

Rule 1.4 provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Finally, and most importantly, Rule 1.16 provides that "a lawyer ... *shall withdraw* from the representation of a client if ... [t]he lawyer's *physical or mental conditions materially impairs* the lawyer's ability to represent the client ..." (emphasis added). These Rules make it clear that if an illness interferes or potentially interferes with counsel's competence, diligence, and effective representation of a client, the prudent and professionally responsible attorney must make alternative arrangements for his clients and withdraw from their representation until such time as he is able to provide competent, diligent, and effective representation. From the facts before the court, Mr. Lawrence did not act diligently or promptly. Further, he did not withdraw from representation when his medical condition interfered with providing Carcello with competent representation.

Sensing the weakness of his position, counsel asks the court not to punish Carcello for his errors.[7] Unfortunately, this consequence is unavoidable. As the Second Circuit explained:

Relief from counsel's error is normally sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect. But we have consistently declined to relieve a client under subsection (1) of the "burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload."

*Nemaizer v. Baker,* 793 F.2d 58, 62 (2d Cir. 1986) *(quoting United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976)). Thus, a client makes a significant decision when he selects counsel to represent him. Once this selection has been made, the client "cannot thereafter avoid the consequences of that counsel's negligence." *Id.* Rather, his recourse is limited to starting anew, assuming the statutes of limitations and other applicable laws permit, or pursuing a negligence action against counsel.

Similar to the movant in *Andree,* Carcello fails to cite a single case in which a court has granted a motion to vacate dismissal in circumstances similar to those present in this case. Moreover, the court concludes that Mr. Lawrence's conduct does not constitute excusable neglect. Therefore, Carcello's motion to vacate is denied.

## CONCLUSION

For the foregoing reasons, as well as the reasons articulated on the record at trial, Carcello's motion to vacate is DENIED.

---

7. Indeed, Mr. Lawrence acknowledged at the hearing on this motion that he faced liability on this matter.