**Thomas TARASCIO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Nos. CRIM. 2:89CR00049 (JAC), CIV. 3:96CV02381 (AWT).

United States District Court, D. Connecticut.

Dec. 20, 2000.

Timothy C. Moynahan, Moynahan, Ruskin, Mascolo & Minnella, Waterbury, CT, Cheryl J. Sturm, Chadds, Ford, PA, for plaintiff.

### *RULING ON 60(b) MOTION*

THOMPSON, District Judge. ·

Petitioner Thomas Tarascio's motion, brought pursuant to Federal Rule of Civil Procedure 60(b), to vacate the judgment entered against him with respect to his Motion to Vacate, Set Aside, and/or Correct his Sentence pursuant to 28 U.S.C. § 2255, is being denied for the reasons set forth below.

As an initial matter, the court notes that the petitioner has chosen to raise his arguments in the form of a Rule 60(b) motion, as opposed to in the form of a second habeas petition pursuant to 28 U.S.C. § 2255. If Tarascio had wished to bring a second habeas petition directly challenging his conviction on the merits, he would have been required to seek the approval of the court of appeals before the petition could be filed with the district court. *See* 28 U.S.C. § 2244(b)(3); *Liriano v. U.S.*, 95 F.3d 119, 123 (2d Cir.1996)(district court required to transfer successive habeas petition to the court of appeals for certification before proceeding).

Tarascio's habeas petition was premised entirely on his claim that the grand jury which indicted him was selected from a panel which unconstitutionally excluded individuals who are members of ethnic minority groups. The court denied the petition, finding that the issue concerning the grand jury pool should have been raised before trial, and that Tarascio had failed to show cause for his failure to timely raise this claim and also failed to show prejudice from the alleged violation of his constitutional rights. The same counsel, Attorney John Williams, represented Tarascio in his criminal trial, the appeal of his conviction, and his habeas proceeding. Tarascio now raises the following claims: (1) ineffective assistance of counsel, in that his counsel failed to timely raise the claim concerning the grand jury selection pool; (2) counsel's failure to make a "strenuous effort to get Tarascio to engage in plea bargaining" before trial (Doc. # 151, p. 10); (3) non-compliance by the sentencing court with Section 6A1.3(b) of the United States Sentencing Guidelines; and (4) error by the court in attributing to Tarascio five kilograms of cocaine for purposes of sentencing. In the context of this Rule 60(b) motion, however, Tarascio is limited to arguing that these claims were not considered in connection with his habeas petition, and thus, for a reason or reasons set forth in Rule 60(b), the judgment on the habeas petition should be vacated.

Rule 60(b) reads, in relevant part, as follows:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such

terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. Pro. 60(b). In his reply memorandum [Doc. # 157], the petitioner asserts that he is entitled to relief under Rule 60(b)(4), or alternatively, under Rule 60(b)(6). However, Tarascio's arguments are more properly considered under Rule 60(b)(1).

The first and second claims now raised by Tarascio, i.e. counsel's failure to timely raise the claim concerning the grand jury and counsel's failure concerning plea bargaining, are premised on claimed failures by the same attorney who represented Tarascio at trial and at sentencing, on the appeal of the conviction and the sentencing, in connection with his habeas petition, and on the appeal of the denial of that habeas petition. It is understandable, then, that Tarascio failed to raise those claims while he was represented by that attorney. In substance, however, he is now contending that the failure on his part to raise these arguments during the proceedings on his habeas petition was excusable neglect. *See Nemaizer v. Baker,* 793 F.2d 58, 62 (2d Cir.1986)("Relief from counsel's

error is normally sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect."); *Israel v. Carpenter,* 120 F.3d 361, 365 (2d Cir.1997)(quoting *Nemaizer*).

The third and fourth claims now raised by Tarascio, i.e. those related to Sentencing Guidelines § 6A1.3(b) and to the amount of drugs attributed to Tarascio at sentencing, are claims of which Tarascio and his counsel were or should have been aware during the proceedings in the district court on the habeas petition. Thus the failure to raise these arguments was, at best, mistake or inadvertence. The alternative is that this failure was "inexcusable neglect", or gross negligence, in which case Tarascio is not entitled to relief under Rule 60(b)(1). *See Carcello v. TJX Companies, Inc.,* 192 F.R.D. 61, 63 (D.Conn.2000)("[G]ross negligence on the part of counsel does not fall within the scope of excusable neglect as defined by Rule 60(b)(1).").

■ The petitioner claims that the instant motion is brought pursuant to Rule 60(b)(6). However, the court "may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable." *Maduakolam v. Columbia Univ.,* 866 F.2d 53, 55 (2d Cir.1989). *See also Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)(Rule 60(b)(6) offers relief only where the motion is "not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."); *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 898 (2d Cir.1983)("Rule 60(b)(6) is a broadly drafted 'umbrella provision', which must be read in conjunction with the other sections of that Rule, and is applicable only where the more specific provisions do not apply."). In this case, the petitioner's claim is one to which clause (b)(1) applies; thus, clause (b)(6) can not apply.[1]

---

1. The court notes that even if it were to treat this motion as a motion made pursuant to Rule 60(b)(4) or (b)(6), it would not be timely. Three years is not "a reasonable time" in the context of Rule 60(b). *See, e.g., Sonhouse v. Nynex Corp.,*

No. 00–7236, 2000 WL 1262591 (2d Cir. Sept. 5, 2000)(upholding district court finding that a 60(b)(6) motion filed three years after the entry of judgment was untimely); *Williams v. New York,* No. 97–2037, 1997 WL 383430 (2d Cir.

▓▓ "At the same time there is authority for the proposition that where the conduct of counsel is grossly negligent, there may be a basis for relief under Rule 60(b)(6)." *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir.1976)("*Cirami I*"). However, such relief has only been granted under extraordinary circumstances. *See, e.g., Vindigni v. Meyer*, 441 F.2d 376 (2d Cir.1971)(finding the "complete disappearance" of a party's attorney sufficient to justify relief under clause (b)(6)); *United States v. Cirami*, 563 F.2d 26, 34 (2d Cir.1977)("*Cirami II*")(finding the "constructive disappearance of defendants' attorney, who was allegedly suffering from a psychological disorder which led him to neglect almost completely his clients' business while at the same time assuring them that he was attending to it" sufficiently extraordinary to warrant relief under Rule 60(b)(6)). The circumstances in this case are not so extraordinary as to justify the court's application of Rule 60(b)(6) to neglect by counsel that should properly be considered under Rule 60(b)(1). The Supreme Court has made it clear that "clients must be held accountable for the acts and omissions of their attorneys", and there is "no merit to the contention that dismissal of a petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 396, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Absent a showing of extraordinary circumstances, as opposed to a mere failure by counsel to raise certain potential arguments in the habeas petition, Tarascio's claim that his counsel's incompetence entitles him to relief from judgment under Rule 60(b)(6) fails.

▓▓ The petitioner contends in the alternative that his motion is brought pursuant to Rule 60(b)(4). However, there is simply no support for the contention that the judgment of the court which heard the habeas petition is void under subsection (b)(4). The only arguments made by the petitioner in support of the proposition that his claim comes within the ambit of Rule 60(b)(4) point to an alleged lack of jurisdiction by the court before which

Tarascio was originally tried and convicted and by which he was sentenced. However, as noted earlier, this motion is a Rule 60(b) motion, not a successive habeas petition. Thus, the petitioner may raise pursuant to this motion challenges only to the ruling in the habeas proceeding, and not as to the merits of the underlying criminal case. *See, e.g., U.S. v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998)("Rule 60(b) simply does not provide for relief from judgment in a criminal case . . ."). Therefore, the argument that the trial court lacked jurisdiction can not be raised pursuant to this motion.

▓▓ Accordingly, this motion should be treated as one made pursuant to Rule 60(b)(1), and as such it is untimely. After the petitioner's conviction was affirmed by the court of appeals, Tarascio filed a motion to vacate the judgment pursuant to 28 U.S.C. § 2255. That habeas petition was denied on April 19, 1993, and the denial of that petition was affirmed by the Second Circuit on December 17, 1993. The instant motion was filed in November 1996. Thus, nearly three full years elapsed between the disposition of the appeal on the § 2255 petition and the filing of the instant motion. Rule 60(b)(1) requires that all motions be brought "not more than one year after the judgment . . . was entered." Fed. R. Civ. Pro. 60(b).

The petitioner also argues that the time within which he is required to file the Rule 60(b) motion should run from the date of the Second Circuit's decision in *U.S. v. Jackman*, 46 F.3d 1240 (2d Cir.1995). The timing of the *Jackman* decision is not material to this case. The petitioner and his counsel were fully aware of the issue concerning the grand jury selection pool as a result of Judge Daly's ruling in *United States v. Osorio*, 801 F.Supp. 966 (D.Conn.1992), and, in fact, the petitioner relied on *Osorio* in filing the habeas petition, contending that he had been indicted by a grand jury selected from the same grand jury selection pool as was at issue in *Osorio*. The issue in *Jackman*, however, was whether an adequate procedure had been adopted, during an interim period, for purposes of remedying the deficiency

July 9, 1997)(motion filed nearly five years after    erroneous dismissal was untimely).

found by the court in *Osorio*. The grand jury that indicted Tarascio was not selected using the procedure at issue in *Jackman*.

In addition, the court notes that the motion would be untimely even if the court were to treat the motion as one filed under clause (b)(4) or (b)(6) and accepted the petitioner's argument that the date of the *Jackman* decision started the running of the time period within which the motion had to be filed. The instant motion was filed more than 22 months after *Jackman* was decided. Taking into account all the circumstances, 22 months is not a "reasonable time". *See, e.g., Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76 (2d Cir. 1995) (motion filed 17 months after grounds for motion became apparent was untimely); *Dietsch v. U.S.*, 2 F.Supp.2d 627, 633 (D.N.J. 1998) (60(b)(6) motion filed 16 months after appeals court affirmed denial of § 2255 motion was untimely).

Accordingly, the petitioner's Rule 60(b) Motion to Vacate Judgment Denying Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28, United States Code, Section 2255 [Doc. # 151] is hereby DENIED.

The clerk shall close this case.

It is so ordered.