**William T. WULIGER, Plaintiff,**

v.

**Joseph COHEN, Defendant.**

**No. 3:02 CV 1274.**

United States District Court, N.D. Ohio, Western Division.

May 7, 2003.

Roger J. Katz, Victor M. Javitch, Javitch, Block, Eisen & Rathbone, Cleveland, OH, for plaintiff.

Jeffrey M. Yelsky, Beachwood, OH, for defendant.

## *MEMORANDUM OPINION AND ORDER*

KATZ, District Judge.

This matter is before the Court on Defendant's motion for relief from judgment, Plain-

tiff's opposition and Defendant's reply thereto. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated below, the Court finds the motion not well taken and denies the same.

### BACKGROUND

Plaintiff commenced this action in July 2002 against Defendant for recovery of commissions in connection with the sale of viatical investments. This case is an outgrowth of the *Liberte v. Capwill*[1] litigation which has spawned related litigation both in the state and federal courts. The essence of this action contends that Defendant Joseph Cohen entered into an agent sales agreement whereby he solicited individuals to invest in viatical settlements offered by Alpha Capital Group ("Alpha"). In return, Cohen is alleged to have received approximately $30,000.00 in commissions.

William T. Wuliger was appointed Receiver of Alpha in the fall of 2001. Thereafter, he was authorized by the Court in the *Liberte* action, in part, to:

> [U]se his best judgment to protect the rights of Alpha investors and to discharge his duties in a manner calculated to preserve the greatest monetary recovery for the maximum number of all Alpha investors.

(Doc. No. 1290.) More recently, the Court clarified the expanded role of both the General and Alpha Receivers, stating that:

> [I]n keeping with the ultimate goal of maximizing the Estates for the benefit of the investors, [the Receivers] are empowered to represent and pursue the interests of the investors directly. The Receivers shall further continue to carry out their duties and obligations as set forth by previous and existing Order of the Court. Finally, the Receivers shall continue to coordinate

---

1. *Liberte v. Capwill*, 229 F.Supp.2d 799 (N.D.Ohio 2002) revolves around the viatical settlement industry. Plaintiff Liberte Capital LLC ("Liberte") and Intervening Plaintiffs Alpha Capital Group LLC and Integrity Management Partners, LLC (collectively "Alpha") were engaged in the business of purchasing life insurance policies from terminally ill policyholders willing to sell their rights to the policies. Liberte also solicited investors for policies on the lives of seniors without terminal illness. Investors were solicited by Liberte and Alpha to purchase viatical life insurance investment programs whereby investors were matched in many cases with the policy on the terminally ill person or "viator".

their efforts with class counsel to recover, protect and preserve receivership assets. (Doc. No.1982.)

On January 13, 2003, following an application and motion for default judgment, the Court entered judgment in favor of Plaintiff. (Doc. No. 9.) Subsequently, some ninety days later, on April 10, 2003, Defendant filed the instant motion seeking relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1) and (6). The matters having been fully briefed are now ripe for adjudication.

## SERVICE OF PROCESS

It is the Defendant's position that there was ineffective service of process because the complaint was delivered to Cohen's former business address in California, signed by an individual who was not a tenant, an employee of any tenant or authorized to sign for certified mail. Moreover, the Defendant argues that more than mere technical compliance is required in order to comport with due process and that such minimal requirements were not met in this instance.

The Sixth Circuit addressed a similar issue in *LSJ Investment Co., Inc. v. O.L.D. Inc.,* 167 F.3d 320 (6th Cir.1999), noting that:

Fed.R.Civ.P. 4(e)(1) also provides, however, for service "pursuant to the law of the state in which the district court is located, or in which service is effected[.]" Application of this provision to the facts below would allow service under the rules of either Ohio or California.

Rule 4.3(B)(1) of the Ohio Rules of Civil Procedure provides for an out-of-state service by certified mail, allows service to be "[e]videnced by return receipt signed by any person[.]"

Similar to the movant in *LSJ,* the Defendant herein concedes that this address was a business address of his. The fact that Richard Nimtz, the individual who signed for the certified mail, was not his employee of is little moment. The Court finds compliance with the technical dictates of the federal rules. Additionally, any due process concerns are negated by Defendant's July 18, 2002 letter to the Alpha Receiver as detailed below. In sum, having reviewed all of the submissions, the Court finds there was effective service of process on the Defendant and his objections thereto are not well taken.

## MOTION FOR RELIEF FROM JUDGMENT

### A.  Standard

The premise behind Rule 60(b) is grounded in balancing the "need for justice against the value of finality of judgments." *See* 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, § 60.02[2], n. 6 (3D ED.2002). It follows that relief from judgment may be granted only for certain specified reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

In reviewing a motion under Rule 60(b), the Court's inquiry is limited to determining whether one of the specified circumstances exists in which Plaintiff is entitled to reopen the merits of its underlying claims. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.1998). The Court is vested with discretion to make a Rule 60(b) determination. *See Douglass v. Pugh,* 287 F.2d 500, 502 (6th Cir.1961). This discretion, in the context of a Rule 60(b) determination, must be exercised reasonably and according to accepted legal principles including those which hold the law disfavors meritless litigation and favors a determination of disputes on the merits. *See,* 11 MOORE'S FEDERAL PRACTICE § 60.22[2].

The specific considerations for the Court in determining whether relief is to be afforded on a default judgment include:

(1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced.

*Waifersong, Ltd. Inc., v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992), citing *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983). More recently, the Sixth Circuit elaborated on the importance of the relevant factors in *Weiss v. St. Paul Fire and Marine Ins. Co.,* 283 F.3d 790, 794 (6th Cir.2002), as follows:

> In *Waifersong,* we made clear that a party seeking to vacate default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct. That burden may be carried, we said, only by meeting the requirements of Rule 60(b)(1), that is, by "demonstrat[ing] that his default was by the product of mistake, inadvertence, surprise, or excusable neglect." *Waifersong,* 976 F.2d at 292. Only if the moving party makes this showing may the district court proceed to consider the other *Unite[d] Coin Meter* factors. *Id.*

With this legal framework in mind, the Court now turns to the parties' contentions.

### B. *Culpable Conduct*

■ The Supreme Court in *Pioneer Inv. Services v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993) noted that the finding of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Considerations relevant to the determination include: (1) the danger of prejudice to the opposing party; (2) the length of delay and potential impact upon the current proceedings; (3) the basis for the neglect and whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *Id.*

■ In his motion, Defendant contends that during the time he was served with the complaint, he was under extreme stress due to personal problems. (Cohen Aff. at ¶ 9.)

Defendant's reply alleges that as a result of the extreme stress he experienced a temporary memory loss which resulted in his failure to respond to the complaint in a timely manner. (Second Cohen Aff. at ¶¶ 3–4.) Although Defendant relies upon *Carcello v. TJX Companies, Inc.,* 192 F.R.D. 61 (D.Conn.2000), for the proposition that the court may consider severe illness in determining excusable neglect, the district court in *Carcello* correctly recognized that "illness alone is not a sufficient basis for setting aside a judgment under Rule 60(b)(1)." *Id.* at 64.

More troubling to the Court, however, is Defendant's position as to when he first learned of the complaint. In his motion, Defendant avers that he never saw the complaint until it was faxed to him by his attorney on March 25, *2003.* (Cohen Aff. at ¶ 15.) Yet, he neglects to mention the July 18, 2002, letter he wrote to the Alpha Receiver which states in pertinent part:

> My name is Joseph Cohen, I received a complaint from you last week. *I only saw it last Friday, July 12, 2002.* It was received in this office a few days before that. . . .
>
> I have not been able to talk to my lawyer yet since he is not available until tomorrow.

(Def's Ex. B.) (Emphasis added.) This contradiction between the Defendant's sworn affidavit and his prior correspondence with the Receiver is sufficient for the Court to conclude the Defendant had notice of the complaint and his ability to respond in a timely manner was within his reasonable control. Additionally, this situation illustrates a lack of good faith by the movant. What it does show is "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *See Shepard Claims Service, Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir.1986) (applying analysis to an entry of default under Rule 55(c)).

Since the Court finds the Defendant is unable to demonstrate his default was the product of mistake, inadvertence, surprise or excusable neglect, the remaining factors under *United Coin Meter* need not be considered and the analysis is at an end.

## CONCLUSION

For the reasons stated above, Defendant's motion for relief from judgment (Doc. No. 11) is denied.

IT IS SO ORDERED.