*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 24-CV-0036

NATASHA T. BASKIN, APPELLANT,

V.

ALGERNON M. PITRE, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2022-CA-002860-B)

(Hon. Neal E. Kravitz, Motions Judge)

(Submitted March 18, 2025                    Decided August 7, 2025)

*Natasha T. Baskin*, pro se.

Appellee did not file a brief.

Before BLACKBURNE-RIGSBY, *Chief Judge*, and DEAHL and SHANKER, *Associate Judges*.

DEAHL, *Associate Judge*: Natasha Baskin retained Algernon Pitre in 2017 to represent her in a federal disability discrimination case against her former employer. In May 2019, the federal district court granted summary judgment for the employer on some claims, dismissed the one remaining claim at Baskin's request, and closed Baskin's case. More than three years later, in June 2022, Baskin sued Pitre for legal

malpractice and breach of contract in D.C. Superior Court, alleging that Pitre's deficient lawyering doomed her federal lawsuit.

Pitre filed a motion to dismiss and argued that Baskin's claims were barred by the three-year statute of limitations. *See* D.C. Code § 12–301(a)(7) (breach of contract); *id.* § 12–301(a)(8) (other claims, including legal malpractice). Pitre asserted that the three-year clock began ticking on December 12, 2018, when Pitre last took any substantive action on Baskin's behalf. The trial court initially denied that motion, opining that Baskin's time for filing her complaint was tolled under the Superior Court's COVID-19 tolling orders.[1] But after Baskin filed an amended complaint, and Pitre filed a renewed motion to dismiss on limitations grounds that Baskin did not file an opposition to, the trial court changed course.

The court ultimately agreed with Pitre that Baskin's claims were untimely and dismissed her complaint. The court considered the Superior Court's COVID-19 tolling orders, pausing the statute of limitations in cases where it would have expired between March 2020 and March 2021, but it explained that this was not such a case

---

[1] As relevant here, the orders stated that "[u]nless otherwise ordered by the court, all deadlines and time limits in statutes (including statute[s] of limitations), court rules, and standing and other orders issued by the court that would otherwise expire during the period of emergency are suspended, tolled and extended during the period of emergency." *Tovar v. Regan Zambri Long, PLLC*, 321 A.3d 600, 616 (D.C. 2024) (quoting May 14, 2020, tolling order)).

despite its initial view on the topic. Because Baskin's claims expired no earlier than December 2021, even under Pitre's calculation of their accrual date, they did not qualify for tolling under those orders. And even if Baskin's claims had accrued as late as May 15, 2019—when judgment was entered against her in her federal discrimination lawsuit—she still had not filed her complaint within three years of that date. Her claims were thus time-barred under any asserted calculation of their accrual date.

Baskin moved for reconsideration. Baskin contended that she was unable to timely file her opposition to Pitre's renewed motion to dismiss prior to the court ruling on it due to a host of personal issues that amounted to "excusable neglect." In her view, that excusable neglect warranted vacatur of the final judgment against her so that she could submit a tardy opposition to the motion to dismiss. *See* Super. Ct. Civ. R. 60(b)(1) ("[T]he court may relieve a party . . . from a final judgment" based upon "excusable neglect."); *id.* 6(b)(1)(B) (A court may grant an extension to file a pleading after the deadline has passed based upon "excusable neglect"). She thus requested the case be reinstated so she could file her opposition. The court denied that motion, explaining that it had "explicitly considered the statute of limitations issue on its merits" so that Baskin's late filing would be futile in any event. Baskin now appeals.

Baskin's main argument has morphed considerably now that she is on appeal. She now—at times, at least—concedes that her complaint was filed outside the relevant limitations period, as the trial court reasoned, but she contends she provided "excusable reasons for neglecting to file a timely claim." As support for her contention, she explains that her daughter tested positive for COVID-19 on May 15, 2022—the day the statute of limitations would have expired if measured against when the judgment was entered against her in federal court as the relevant accrual date. That illness prevented her from filing her complaint on time, in her telling, and so it amounts to "excusable neglect" under Superior Court Civil Rule 60(b)(1) justifying vacatur of the judgment against her.

At the outset, we note that Baskin never articulated this basis for Rule 60(b) relief in front of the trial court, so she has forfeited it and we could bypass this argument entirely on that basis. *See Thompson v. United States*, 322 A.3d 509, 514-15 (D.C. 2024) ("[W]e take a dim view of claims raised for the first time on appeal," and in civil cases we ordinarily "bypass[] them entirely.").

But cognizant that Baskin is a pro se party, we further explain why, even if we consider the merits of her argument, we disagree that she has made anywhere close to the necessary showing under Rule 60(b)(1). Under Rule 60(b)(1), a court may "relieve" a party "from the burden of judgments unfairly, fraudulently or

mistakenly entered," or from judgments entered as a result of the party's "excusable neglect." 11 Wright & Miller, Fed. Prac. & Proc. Civ. § 2858 (3d ed. 2025) (quotation omitted). Assuming for the sake of argument that Rule 60(b) might in some extraordinary circumstances justify resuscitating a claim for which the relevant limitations period has lapsed, Baskin has not identified any sufficiently extraordinary circumstances here. A party's own illness, and by extension the illness of a loved one, is generally no excuse for filing outside the applicable limitations period. *See Wuliger v. Cohen*, 215 F.R.D. 535, 538 (N.D. Ohio 2003) ("[I]llness alone is not a sufficient basis for setting aside a judgment under Rule 60(b)(1)." (internal quotation marks omitted)); *Benton v. Vinson, Elkins, Weems & Searls*, 255 F.2d 299, 301 (2d Cir. 1958) (explaining that ignorance of the statute of limitations is not a proper basis for Rule 60(b)(1) relief); *see also Williams v. N.Y.C. Dep't of Corr.*, 219 F.R.D. 78, 85 (S.D.N.Y. 2003) ("[B]y itself," "any failing[] attributable to plaintiff's pro se status" is not "an exceptional circumstance" that justifies "relief under Rule 60(b)." (internal quotation marks omitted)).

Baskin had three years to file her complaint, and while she had every right to wait until the very last day within the limitations period to file it, by doing so she took the risk that any number of relatively ordinary events (like an unforeseen illness) might make it difficult for her to do so. Aside from her daughter's illness on the last day of the limitations period, which by itself is not an extraordinary

circumstance, Baskin does not provide any "good reason[s] for . . . fail[ing] to take appropriate action sooner." *Onyeneho v. Allstate Ins. Co.*, 80 A.3d 641, 647 (D.C. 2013) (quoting *Dist. No. 1–Pac. Coast Dist. v. Travelers Cas. & Sur. Co.*, 782 A.2d 269, 278 (D.C. 2001)). She does not explain, for instance, what prevented her from filing her complaint at any point in the three years preceding that deadline. Nor does she explain why having a sick person in her household on May 15 left her unable to file her complaint for another month, where her complaint was not filed until June 15.

Baskin seems to make three other arguments that she contends render her complaint timely. She argues that (1) the COVID-19 tolling orders do not apply here, so the trial court erred in considering them; (2) she was entitled to tolling because she was "non compos mentis" for some unspecified period of time after her cause of action accrued; and (3) the discovery rule should have operated to toll the limitations period because she did not discover her injury until 2022. None of these arguments holds water.

First, Baskin argues that the trial court erroneously "held that [her] case is barred based on" the COVID-19 tolling orders, even though those orders "d[o] not apply to this case." The problem with this argument is that the trial court did not rely on those orders in finding her complaint untimely—it only explained that they

were inapplicable and so "provide[d] no assistance to" Baskin. The court was right about that and so the court considered those orders in the only appropriate sense—to discount them entirely. As we recently held, the COVID-19 tolling orders "tolled the limitations period only in cases where the limitations period expired during the March 18, 2020, to March 31, 2021, period." *Tovar*, 321 A.3d at 618.

Second, Baskin suggests that she was "non compos mentis" at the time her cause of action accrued, which is a statutory basis for tolling a limitations period until a litigant regains competency. *See* D.C. Code § 12–302(a) (tolling the limitations period for those who are "non compos mentis"); *Oparaugo v. Watts*, 884 A.2d 63, 73 (D.C. 2005) ("The term, *non compos mentis*, means generally one who is not capable of handling his own personal affairs or who cannot function in society."). But Baskin's assertion on this point is just that—a bare assertion. She at no point, before this court or the trial court, offered any developed argument about how any of her disabilities left her non compos mentis, nor did she explain when she regained competence, so we reject this argument outright. *See Comford v. United States*, 947 A.2d 1181, 1188 (D.C. 2008) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990))). The same goes for Baskin's more general invocation of "equitable tolling" principles: Baskin "does not develop any

fact-specific argument as to why she should receive" equitable tolling, and we discern none. *Ware v. D.C. Dep't of Emp. Servs.*, 157 A.3d 1275, 1280 n.4 (D.C. 2017).

Third—and contrary to some apparent concessions she makes elsewhere in her brief—Baskin asserts that the discovery rule applies to toll the limitations period because she did not discover her injury until about June 9, 2022. She's wrong about that. Legal malpractice claims stemming from litigation generally accrue no later than the date at which an adverse judgment is entered against the litigant in the underlying suit. *Brown v. Jonz*, 572 A.2d 455, 456 (D.C. 1990) ("A cause of action for legal malpractice normally accrues on the date the client suffers actual injury," which is typically "upon the date of judgment."); *see also Wagner v. Sellinger*, 847 A.2d 1151, 1154 (D.C. 2004) (a cause of action normally accrues when "a plaintiff knows, *or by the exercise of reasonable diligence should know*, of (1) an injury, (2) its cause, and (3) some evidence of wrongdoing." (emphasis added)). Once a judgment is entered against a litigant—barring some exceptional circumstance like surreptitious conduct by the attorney to keep their client in the dark about it—the client is almost invariably on "inquiry notice . . . sufficient to trigger the obligation to make a reasonable investigation into the possible existence of a cause of action." *Brin v. S.E.W. Investors*, 902 A.2d 784, 794 (D.C. 2006). And once on what was at least inquiry notice, there were no perceivable obstacles to Baskin uncovering the

fairly generic bases for her malpractice suit, and she has not identified any. We thus see no basis to deviate from that general rule here that her malpractice claim accrued no later than when judgment was entered against her on May 15, 2019, making her suit untimely. We further agree with the trial court that "no facts alleged in the plaintiff's amended complaint . . . even suggest that [she] was unaware of the alleged malpractice (and reasonably so) until 2022."

For the foregoing reasons, we affirm the trial court's judgment.

*So ordered.*